UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATHANASIOS ZOYGANELES | ) |
| Plaintiff, | ) Case No.1:24-cv-02124 |
| v. | ) |
| WOWZZA, INC. d/b/a DOMINO'S PIZZA, | ) |
| Defendant. | ) |

## COMPLAINT

**NOW COMES** Athanasios Zoyganeles ("Plaintiff"), by and through his undersigned counsel, complaining of Wowzza, Inc. d/b/a Domino's Pizza ("Defendant") as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action seeking redress for violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621 *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*.

2. Plaintiff is seeking redress for Defendant's discrimination on the basis of Plaintiff's age and disabilities, and Defendant's retaliation against Plaintiff for opposing age and disability-based discrimination.

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the ADEA and ADA are federal statutes.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the ADEA and ADA have been met or complied with.

6. A charge of employment discrimination was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). *See* attached Exhibit A

7. Plaintiff received a Notice of Right to Sue from the EEOC on February 28, 2024, and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* attached Exhibit B.

## PARTIES

8. Plaintiff is a natural person, over 18 years of age, who at all times relevant resided in Cook County, Illinois.

9. Defendant is a franchisee that operates a Domino's Pizza restaurant in Countryside, Illinois, where Plaintiff was employed by Defendant.

10. Plaintiff was employed by Defendant as an "employee" as defined by the ADEA and ADA.

11. At all times relevant, Defendant had at least fifteen employees, was an "employer" as defined by the ADEA and ADA, and was engaged in an industry affecting commerce.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for Defendant as a delivery driver from November 2018 until his unlawful termination on November 6, 2023.

13. Plaintiff is 46 years old and is therefore a member of a protected class because of his age.

14. Plaintiff suffers from diabetes, which is a recognized disability under the ADA.

2

15. Diabetes is an incurable disease which weakens the immune system, inhibits the body's ability to produce insulin, and requires regular checks on insulin levels.

16. As a result of Plaintiff's diabetes, several of Plaintiff's daily activities are substantially affected, including bodily functions such as insulin production, urination, bowel movements, eating, drinking.

17. Moreover, Plaintiff's diabetes limits his physical movements as Plaintiff is regularly at risk of fainting or dizzy spells due to elevated glucose levels.

18. Plaintiff also suffers from a herniated disk, which is also a recognized disability under the ADA.

19. As a result of Plaintiff's disabilities, Plaintiff's major life activities are impacted.

20. Regardless of Plaintiff's disabilities, Plaintiff could and did perform the essential functions of his job with or without accommodations.

21. From August 2022 through November 6, 2023, Defendant subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected classes and retaliated against Plaintiff for engaging in protected activity.

22. At all times relevant, Plaintiff met or exceeded Defendant's performance expectations.

23. In 2022, Plaintiff requested and was granted a disability-related medical leave.

24. In August 2022, Plaintiff returned to work and Defendant accommodated Plaintiff's disability by placing Plaintiff on light duty.

25. Despite accommodating Plaintiff's disability, Plaintiff was retaliated against and ridiculed for seeking a disability-related accommodation.

26. Specifically, Defendant's owner Matthew Hemingway ("Mr. Hemingway")

regularly berated Plaintiff for utilizing an accommodation for his disability.

27. Moreover, Defendant's General Manager "Omar" (LNU) began making discriminatory comments to Plaintiff, such as calling Plaintiff "old and lazy" and criticizing Plaintiff for not being "fast enough."

28. On or about November 5, 2023, Plaintiff received text messages from Omar stating that he was no longer entitled to any more work breaks.

29. Despite being legally required, breaks were tantamount to Plaintiff's ability to control the symptoms of his disabilities.

30. On or about November 6, 2023, Omar inexplicably greeted Plaintiff with hostility.

31. Specifically, Omar shouted "I'm feeling cocky today" and displayed threatening body language towards Plaintiff.

32. Omar then threatened Plaintiff with a suspension, to which Plaintiff responded "I am tired of this discrimination."

33. On the very same day that Plaintiff opposed the discrimination he was facing, Defendant terminated Plaintiff's employment.

34. In light of the events described herein, it became evident to Plaintiff that he was terminated on the basis of his age, disabilities, and in retaliation for engaging in protected activity (opposing discrimination).

35. As a result of Defendant's conduct, Plaintiff suffered an adverse employment action in the form of termination.

36. As a result of Defendant's conduct, Plaintiff suffered damages, including: loss of employment, loss of income, loss of employment benefits, mental anguish, emotional distress, humiliation, financial distress, and loss of enjoyment of life.

## COUNT I
### Violations of the Age Discrimination in Employment Act
### (Age-Based Discrimination)

37. Plaintiff repeats and re-alleges all previous paragraphs as if fully stated herein.

38. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's age in violation of the ADEA.

39. Plaintiff is a member of a protected class under the ADEA due to Plaintiff's age.

40. Plaintiff met or exceeded performance expectations.

41. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class (younger individuals that were not discriminated against or terminated).

42. Defendant terminated Plaintiff's employment on the basis of Plaintiff's age.

43. Plaintiff suffered an adverse employment action in the form of termination as a result of Defendant's conduct.

44. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

45. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT II
### Violations of the Age Discrimination in Employment Act
### (Age-Based Harassment)

46. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

47. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's age in violation of the ADEA.

48. Plaintiff is a member of a protected class under the ADEA due to Plaintiff's age.

49. Defendant knew or should have known of the harassment as Plaintiff's supervisors

actively engaged in the harassment.

50. As set forth above, the age-based harassment was severe and pervasive.

51. Moreover, the age-based harassment was objectively hostile and offensive, or at very minimum subjectively hostile and offensive.

52. The age-based harassment was unwelcomed.

53. As set forth above, Plaintiff complained of the age-based harassment and was immediately terminated for opposing age-based discrimination.

54. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

55. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT III
### Violations of the Age Discrimination in Employment Act
### (Age-Based Retaliation)

56. Plaintiff repeats and re-alleges all previous paragraphs as if fully stated herein.

57. Plaintiff is a member of a protected class under the ADEA due to his age.

58. During Plaintiff's employment with Defendant, Plaintiff complained to Defendant about age-based harassment and discrimination.

59. As such, Plaintiff engaged in protected activity and was protected against unlawful retaliation by Defendant under the ADEA.

60. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation into Plaintiff's complaint of age-based harassment and discrimination.

61. Instead of conducting an investigation and taking measures to prevent further age-based harassment and discrimination, Defendant immediately terminated Plaintiff's employment for engaging in protected activity.

62. Plaintiff's suffered an adverse employment action in the form of termination of Plaintiff's employment in retaliation for engaging in protected activity

63. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

64. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT IV
### Violations of the Americans with Disabilities Act
### (Disability-Based Harassment)

65. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

66. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's disabilities in violation of the ADA.

67. Defendant knew or should have known of the harassment as the harassment was committed by management and in plain view of management. Specifically, as set forth above, Plaintiff supervisors/superiors (Mr. Hemingway and Omar) actively participated in the harassment.

68. The disability-based harassment was severe and pervasive.

69. The disability-based harassment was objectively offensive as it would have offended any reasonable person in Plaintiff's shoes.

70. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

71. As set forth above, Plaintiff suffered damages as a result of Defendant's disability-based harassment.

## COUNT V
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

72. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

73. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disabilities in violation of the ADA.

74. As set forth above, Plaintiff met or exceeded performance expectations.

75. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class (non-disabled employees) as the employees without disabilities were not ridiculed on a daily basis or terminated.

76. As set forth above, Defendant incessantly ridiculed Plaintiff's disabilities and ultimately terminated Plaintiff's employment on the basis of Plaintiff's disabilities.

77. Defendant's conduct towards Plaintiff demonstrates a willful and/or reckless violation of the ADA and Plaintiff's rights under the ADA.

78. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT VI
### Violations of the Americans with Disabilities Act
### (Disability Retaliation)

79. Plaintiff repeats and re-alleges all previous Paragraphs as if fully stated herein.

80. During Plaintiff's employment with Defendant, Plaintiff invoked his rights under the ADA.

81. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the ADA.

82. Defendant retaliated against Plaintiff for exercising his rights under the ADA by incessantly ridiculing Plaintiff for exercising his rights under the ADA and ultimately terminating Plaintiff's employment.

83. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful retaliation.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff requests the following relief:

 a. A judgment in favor of Plaintiff and against Defendant;

 b. Back pay;

 c. Payment of interest on all back pay recoverable;

 d. Front pay;

 e. Compensation for loss of benefits;

 f. Compensatory and punitive damages;

 g. Reasonable attorneys' fees and costs;

 h. An award of pre-judgment interest if applicable; and

 i. All other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 13, 2024            Respectfully submitted,

                    */s/ Mohammed O. Badwan*
                    Mohammed O. Badwan
                    SULAIMAN LAW GROUP, LTD.
                    2500 South Highland Avenue
                    Suite 200
                    Lombard, Illinois 60148
                    (630) 575-8180
                    mbadwan@sulaimanlaw.com